IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                              Case No. 20-1040-JWB

$349,810.00 IN UNITED STATES CURRENCY,
MORE OR LESS,

        Defendant,

and

FRANCISCO JAVIER MATA REYES,

        Movant.

## MEMORANDUM AND ORDER

This case is before the court for a determination of whether Rule 11 sanctions should be imposed on Movant Francisco Javier Mata Reyes ("Movant"). On November 12, 2020, the court ordered Movant to show cause why sanctions should not be imposed on him under Fed. R. Civ. P. 11. (Doc. 18.) Specifically, the order directed Movant to file a memorandum within fifteen days disclosing whether he had received legal assistance in the drafting of his previously-filed motion for stay of forfeiture and reply brief. (*Id.* at 3-4) Movant was directed to disclose the identity of any persons providing such assistance. (*Id.*) The order was mailed to the address provided by Movant. Movant has not filed a memorandum in compliance with the order and has not otherwise responded.

If, after notice and an opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any party that violated the rule or is

responsible for the violation.  Fed. R. Civ. P. 11(c)(1).  The representation that a party is acting pro se when the person is actually being assisted by an attorney constitutes a misrepresentation to the court by the litigant and the attorney.  *Duran v. Carris,* 238 F.3d 1268, 1272 (10th Cir. 2001). *See also* Fed. R. Civ. P. 11(b)(3) (by presenting a motion to the court, an attorney or unrepresented party certifies to the best of the person's knowledge that the factual contentions therein have evidentiary support).  Having reviewed the record, the court determines that Movant has violated Rule 11(b) by signing and filing a motion and reply which represented that he was self-represented and was acting in a pro se capacity, when the documents were in fact drafted by an attorney or some other person with legal training rather than Movant.

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  In this instance, the court determines that the appropriate sanction is to strike Movant's motion for stay of forfeiture (Doc. 14) and reply brief (Doc. 17), both of which were signed by Movant without disclosing the legal assistance he received.

Accordingly, the court determines that Movant has violated Rule 11(b) and orders the clerk of the court to STRIKE Movant's motion for stay of forfeiture (Doc. 14) and reply brief (Doc. 17). IT IS SO ORDERED this 8th day of December, 2020.

             _____s/ John W. Broomes_____
             JOHN W. BROOMES
             UNITED STATES DISTRICT JUDGE